UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GREGORY WOODEN,
Plaintiff,

v. Case No. _____

OFFICER PLOTKIN,
OFFICER MARCANO,
OFFICER GONZALEZ,
- in their individual capacities,
MIAMI-DADE COUNTY,
Defendants.

_____/



FILED BY_____D.C.

FEB 1 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)
JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourth Amendment and 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Miami-Dade County, Florida.

## II. PARTIES

4. Plaintiff Gregory Wooden is a citizen of the United States who was lawfully present in Miami-Dade County, Florida and engaged in lawful activity at all relevant times.

5. Defendant Officer Plotkin was at all relevant times a sworn law-enforcement officer employed by the Miami-Dade Police Department, acting under color of state law. He is sued in his individual capacity.

6. Defendant Officer Marcano was at all relevant times a sworn law-enforcement officer employed by the Miami-Dade Police Department, acting under color of state law. He is sued in his individual capacity.

7. Defendant Officer Gonzalez was at all relevant times a sworn law-enforcement officer employed by the Miami-Dade Police Department, acting under color of state law. He is sued in his individual capacity.

8. Defendant Miami-Dade County is a municipal entity organized under the laws of the State of Florida and is responsible for the policies, customs, practices, training, supervision, and discipline of the Miami-Dade Police Department.

## III. STATEMENT OF FACTS

9. On January 12, 2024, Plaintiff was lawfully operating his vehicle in Miami-Dade County, Florida.

10. Without warning or lawful justification, multiple Miami-Dade Police Department vehicles, including unmarked vehicles, abruptly surrounded Plaintiff's vehicle, positioning themselves in front of and behind him and physically preventing him from leaving.

11. Several officers exited their vehicles and approached Plaintiff in an aggressive and commanding manner. Defendant Plotkin acted as the lead officer.

12. Defendants did not observe Plaintiff commit any traffic violation, did not articulate any reasonable suspicion or probable cause, and did not explain the reason for the stop.

13. Defendant Plotkin forcibly opened Plaintiff's driver-side door, removed Plaintiff from the vehicle, and immediately began searching the vehicle.

14. Defendants Marcano and Gonzalez joined and actively participated in the search of Plaintiff's vehicle.

15. Plaintiff clearly and explicitly stated that he did not consent to any search of his vehicle or person.

16. Only after Plaintiff refused consent did an officer claim the vehicle "smelled like smoke." This claim was false and pretextual. Plaintiff does not smoke, there was no smoke visible, the vehicle windows were closed, and no cigarettes, lighters, ashtrays, marijuana, or other contraband were present or found.

17. Defendants conducted a full warrantless search of Plaintiff's vehicle without consent, probable cause, exigent circumstances, or any recognized exception to the warrant requirement.

18. During the search, Defendants rummaged through Plaintiff's personal belongings, removed items from their places, and scattered them throughout the interior of the vehicle in a careless and excessive manner unrelated to any legitimate law-enforcement purpose.

19. Plaintiff was visibly shaken and fearful due to the aggressive stop, physical intrusion, and overwhelming show of force.

20. After completing the vehicle search, Defendants placed Plaintiff against his vehicle and conducted a search of Plaintiff's person, despite Plaintiff not being under arrest, not suspected of any crime, and posing no threat.

21. During this search, Defendants forcibly pulled Plaintiff's pants down below his knees in full public view, exposing Plaintiff to passersby without necessity, justification, or any articulable safety concern.

22. Defendants made no effort to shield Plaintiff from public exposure, relocate the search to a private area, or limit the scope of the intrusion, despite Plaintiff being compliant, unarmed, and not resisting.

23. Plaintiff did not make threatening movements, attempt to flee, or engage in any conduct that could justify an invasive or degrading search.

24. Defendants Plotkin, Marcano, and Gonzalez each directly participated in, observed, and/or failed to intervene to stop the unconstitutional conduct, despite having a realistic opportunity to do so.

25. No weapons, contraband, or illegal items were found on Plaintiff or in his vehicle.

26. Defendants issued Plaintiff only a warning for allegedly "blocking the road," which Plaintiff denies. Plaintiff was operating his vehicle normally and lawfully and was not obstructing traffic or creating a safety

hazard. This allegation did not justify the stop or any subsequent search.

27. An officer informed Plaintiff that the encounter was being recorded.

28. Upon information and belief, the encounter was recorded using body-worn cameras and/or vehicle cameras, which corroborate Plaintiff's allegations regarding the stop, the searches, and the manner in which Defendants conducted themselves.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffered fear for his life, public humiliation, emotional distress, anxiety, loss of personal security, and deprivation of clearly established constitutional rights.

## IV. CLAIMS FOR RELIEF

**COUNT I – UNLAWFUL STOP AND SEIZURE**
(Fourth Amendment – 42 U.S.C. § 1983)

30. Plaintiff realleges paragraphs 1 through 29.

31. Defendants lacked reasonable suspicion or probable cause at the inception of the stop and throughout its duration.

32. Plaintiff's seizure was unreasonable and violated the Fourth Amendment.

**COUNT II – UNLAWFUL SEARCH OF VEHICLE**
(Fourth Amendment – 42 U.S.C. § 1983)

33. Plaintiff realleges paragraphs 1 through 29.

34. Defendants conducted a warrantless search of Plaintiff's vehicle without consent, probable cause, or any applicable exception to the warrant requirement.

35. The search was conducted in an unreasonable, destructive, and excessive manner, violating Plaintiff's Fourth Amendment rights.

**COUNT III – UNREASONABLE SEARCH OF PERSON / EXCESSIVE FORCE**
(Fourth Amendment – 42 U.S.C. § 1983)

36. Plaintiff realleges paragraphs 1 through 29.

37. Defendants subjected Plaintiff to an invasive, degrading, and humiliating public search involving physical manipulation, coercive control, and forced exposure.

38. The search exceeded the scope of any lawful pat-down and was objectively unreasonable given that Plaintiff was compliant, unarmed, not under arrest, and posed no threat.

39. At the time of the incident, it was clearly established that officers may not conduct a public, invasive search of a non-arrested individual without probable cause, exigent circumstances, or safety justification, and no reasonable officer could believe such conduct lawful.

**COUNT IV – FAILURE TO INTERVENE**
(42 U.S.C. § 1983)

40. Plaintiff realleges paragraphs 1 through 29.

41. Each Defendant knew or should have known that Plaintiff's constitutional rights were being violated and had a realistic opportunity to intervene but failed to do so.

## COUNT V – MUNICIPAL LIABILITY (MONELL)
(42 U.S.C. § 1983 – Fourth Amendment)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. Miami-Dade County is responsible for the policies, customs, practices, training, supervision, and discipline of officers employed by the Miami-Dade Police Department.

44. Following the January 12, 2024 incident, Plaintiff submitted multiple formal complaints regarding the unconstitutional stop, warrantless searches, and degrading public search to the Office of the Mayor of Miami-Dade County.

45. The Office of the Mayor forwarded Plaintiff's complaints to the Miami-Dade Police Department's Internal Affairs Section for review.

46. Internal Affairs reviewed Plaintiff's complaints and repeatedly concluded that the involved officers committed no wrongdoing.

47. Despite notice of Plaintiff's allegations and the opportunity to investigate and correct unconstitutional conduct, Miami-Dade County failed to discipline, retrain, supervise, or otherwise take corrective action against the officers involved.

48. The repeated ratification of the officers' conduct through Internal Affairs findings of "no wrongdoing" constitutes approval and endorsement of unconstitutional practices by municipal policymakers.

49. Miami-Dade County maintained a widespread custom or practice of condoning unlawful stops, warrantless vehicle searches, and invasive public searches conducted without probable cause, consent, or exigent circumstances.

50. Miami-Dade County's failure to discipline or retrain officers after receiving notice of constitutional violations demonstrates deliberate indifference to the constitutional rights of citizens.

51. As a direct and proximate result of Miami-Dade County's policies, customs, practices, and deliberate indifference, Plaintiff suffered the constitutional violations and injuries described herein.

## V. DAMAGES

52. Plaintiff suffered emotional distress, humiliation, anxiety, fear for his life, loss of personal security, and deprivation of constitutional rights.

53. Defendants acted willfully, maliciously, and with reckless disregard for Plaintiff's clearly established rights, justifying an award of punitive damages against the individual defendants.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Award compensatory damages in an amount to be determined by a jury;

B. Award punitive damages against the individual Defendants;

C. Award nominal damages for the violation of Plaintiff's constitutional rights;

D. Award costs and such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gregory Wooden

Plaintiff, Pro Se

720 Collins St
Tifton, GA 31794

9589 0710 5270 1796 7482 89

### Retail



**RDC 99**



33128

U.S. POSTAGE PAID
FCM LETTER
TIFTON, GA 31794
FEB 06, 2026

**$6.37**

S2324M502414-20

FEB 13 2026

ANGEL. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ATTN: Clerk of Court -
U.S. District Court
400 North Miami
Miami, FL. 33128

3312887716 C071

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE